DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| DIONERCA POCHE-FERRERAS,   )<br>                                                                )<br>            Plaintiff,                             )<br>                                                                )<br>      v.                                                    )          Civil Action No. 2022-0035<br>                                                                )<br>UNITED STATES OF AMERICA CUSTOMS   )<br>AND BORDER PROTECTION             )<br>                                                                )<br>            Defendant.                          )<br>_____)<br>                                                                )<br>CRISTINA MARINEZ GUZMAN,           )<br>                                                                )<br>            Plaintiff,                             )<br>                                                                )<br>      v.                                                    )          Civil Action No. 2022-0036<br>                                                                )<br>UNITED STATES OF AMERICA CUSTOMS   )<br>AND BORDER PROTECTION,            )<br>                                                                )<br>            Defendant.                          )<br>_____) | |

**Attorneys:**
**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
　*For Plaintiffs*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
　*For Defendant*

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant United States of America Customs and Border Protection's ("the Government") "Motion to Dismiss Plaintiff's Amended Complaints" (Civ. No. 22-35, Dkt. No. 47; Civ. No. 22-36, Dkt. No. 55); Plaintiffs' "Opposition to United States' Motion to Dismiss Plaintiffs' Amended Complaints" (Civ. No. 22-35, Dkt. No.

1

51; Civ. No. 22-36, Dkt. No. 59); and the Government's reply thereto (Civ. No. 22-35, Dkt. No. 52; Civ. No. 22-36, Dkt. No. 60). For the reasons set forth herein, the Court will grant the Government's Motion and dismiss this action with prejudice.

## I. BACKGROUND

Plaintiffs Dionerca Poche-Ferreras and Cristina Marinez Guzman bring these actions against the Government to recover $8,533.00 and $8,804.00 respectively in United States currency that the U.S. Customs and Border Protection ("CBP") seized on June 7, 2021 as Plaintiffs attempted to board a ferry from Puerto Rico to the Dominican Republic. (Civ. No. 22-35, Dkt. No. 44 at 1; Civ. No. 22-36, Dkt. No. 53 at 1). The Government sent written notices ("Notices") to Plaintiffs in English, explaining that the property was seized and subject to forfeiture under 31 U.S.C. § 5317, "for violation of 31 U.S.C. §§ 5316, and 5324, because it was not properly reported to CBP and the transaction was structured with intent to evade the currency reporting requirement."[1] (Civ. No. 22-35, Dkt. No. 48-1 at 8-11; Civ. No. 22-36, Dkt. No. 56-1 at 2-5). The Notices, dated July 19, 2021, explained to Plaintiffs that they could: (1) request administrative processing—within 30 days of the date of the Notices—by filing a petition with the CBP to review the reasons Plaintiffs seek relief from forfeiture or (2) request judicial action—within 35 days of the date of the Notices—by requesting that the matter be referred to the U.S. Attorney to file a forfeiture action in federal court. *Id*.

---

[1] Title 31 U.S.C. § 5316 provides that individuals "shall file a report . . . when the person, agent, or bailee knowingly . . . transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time—from a place in the United States to or through a place outside the United States." Title 31 U.S.C. § 5324(c) provides that "No person shall, for the purpose of evading the reporting requirements of section 5316 . . . structure or assist in structuring, or attempt to structure or assist in structuring, any importation or exportation of monetary instruments."

2

On July 27, 2021, Plaintiff Ferreras signed confirmations of receipt for both Notices. (Civ. No. 22-35, Dkt. No. 48-2 at 2-3; Civ. No. 22-36, Dkt. No. 56-2 at 4-5). On August 20, 2021, Plaintiff mailed two forms each to CBP: (1) an Election of Proceedings – Civil Action Forfeiture Reform Act ("CAFRA") Form stating that they requested to have CBP consider their petition administratively before forfeiture proceedings were initiated, and (2) a Seized Asset Claim Form requesting that the Government file a complaint to commence judicial action for forfeiture of the seized property. (Civ. No. 22-35, Dkt. No. 48-3 at 3-4; Civ. No. 22-36, Dkt. No. 56-3 at 6-7). The forms were delivered to the CBP office in Puerto Rico on September 7, 2021.[2] (Civ. No. 22-35, Dkt. No. 44 at 3; Civ. No. 22-36, Dkt. No. 53 at 2-3). On November 16, 2021, CBP issued letters to Plaintiffs denying their claims as untimely. (Civ. No. 22-35, Dkt. No. 44-1 at 10; Civ. No. 22-36, Dkt. No. 53-1 at 10).

On April 15, 2022, Plaintiffs filed the instant actions seeking return of the forfeited currency and on July 5, 2022, Plaintiffs' actions were consolidated. (Civ. No. 22-35, Dkt. No. 16; Civ. No. 22-36, Dkt. No. 24). Plaintiffs filed motions to amend their Complaints on August 30, 2022 (Civ. No. 22-35, Dkt. No. 34; Civ. No. 22-36, Dkt. No. 42), which were granted (Civ. No. 22-35, Dkt. No. 38; Civ. No. 22-36, Dkt. No. 46). On February 9, 2023, Plaintiffs filed Amended Complaints in their respective cases, which are substantially similar (Civ. No. 22-35, Dkt. No. 44; Civ. No. 22-36, Dkt. No. 53), and the Government filed the instant Motion to Dismiss both

---

[2] Plaintiffs attached a USPS Tracking Receipt to their Opposition to the Motion to Dismiss (Civ. No. 22-35, Dkt. No. 51-1; Civ. No. 22-36, Dkt. No. 59-1) which states that their forms were delivered on September 7, 2021 at 1:08 pm, while the Government asserts that it received the forms on September 8, 2021 (Civ. No. 22-35, Dkt. No. 48 at 4; Civ. No. 22-36, Dkt. No. 56 at 4). This difference does not affect the Court's rulings herein.

Amended Complaints on February 21, 2023 (Civ. No. 22-35, Dkt. No. 47; Civ. No. 22-36, Dkt. No. 55).[3]

In its Motion, the Government argues that Plaintiffs' Amended Complaints should be dismissed because they raise challenges to the merits of the forfeitures, which the Court does not have jurisdiction to hear, and Plaintiffs have not presented viable due process challenges to the forfeiture procedures. (Civ. No. 22-35, Dkt. No. 48 at 1-2; Civ. No. 22-36, Dkt. No. 56 at 1-2). Plaintiffs oppose the Motion, arguing that they have been denied due process because the Government's notices of seizure were defective and it would be fundamentally unfair to dismiss their claims. (Civ. No. 22-35, Dkt. No. 51; Civ. No. 22-36, Dkt. No. 59).

The Court finds that it lacks jurisdiction to consider Plaintiffs' challenges to the merits of the forfeiture and further, that Plaintiffs' due process challenges are unfounded. The Court will therefore grant the Government's Motion to Dismiss.

## II.     APPLICABLE LEGAL PRINCIPLES

Congress passed CAFRA, 18 U.S.C. § 983, "to create a single avenue for challenging a forfeiture of property seized by the federal government." *Guzman v. United States*, 2005 U.S. Dist. LEXIS 24883, at *2 (S.D.N.Y. Oct. 24, 2005). CAFRA applies to "any forfeiture proceeding commenced on or after August 23, 2000." *United States v. Contents of Two Shipping Containers Seized at Elizabeth, N.J.*, 113 Fed. Appx. 460, 463 (3d Cir. 2004) (citing 8 U.S.C. § 1324). Title 18 U.S.C. § 983 sets forth the procedures the government must follow when seizing private property. The government must send notice of administrative forfeiture actions to interested persons within sixty days of the seizure of the property. 18 U.S.C. § 983(a)(1)(A)(1). The property

---

[3] The parties filed identical documents for the Motion to Dismiss and subsequent briefing in each case (Civ. No. 22-35, Dkt. Nos. 47, 48, 51, 52; Civ. No. 22-36, Dkt. Nos. 55, 56, 59, 60). Thus, the Court's analysis and conclusions in the instant Memorandum Opinion apply to both cases.

owner must then file a claim either before the deadline set forth in the notice letter, or, if the letter is not received, within thirty days of the final publication of notice of seizure. 18 U.S.C. § 983(a)(2)(A). If the government receives no response to the notice within the designated period of time, the seized property is declared administratively forfeited to the government. *See* 19 U.S.C. § 1609(a).

"Once the seized property is administratively forfeited, the district court is divested of jurisdiction to review the merits of the forfeiture action." *Cohen-Sanchez v. United States*, No. 11-6578, 2012 U.S. Dist. LEXIS 48718, at *9 (D.N.J. Apr. 5, 2012) (citing *United States v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 480 (2d Cir.1992). While the district court may not then hear substantive challenges to the administrative forfeiture, it may hear challenges to the sufficiency of notice regarding the civil forfeiture of assets because "federal courts always possess jurisdiction to review whether the notice given in an administrative forfeiture proceeding afforded the claimant constitutional due process." *Garcia*, 235 F.3d at 290 (citing *Krecioch v. United States*, 221 F.3d 976, 980 (7th Cir.2000)); *see also United States v. Brome*, 942 F.3d 550, 552 (2d Cir. 2019) (stating that a party seeking to set aside a forfeiture after the period to raise a claim for administrative forfeiture has lapsed "is limited to claims of lack of adequate notice."); *Turner v. Attorney General of U.S.*, 579 F. Supp. 2d 1097, 1105 (N.D. Ind. 2008) ("Once the property is administratively forfeited, the district court is divested of jurisdiction to review the merits of the forfeiture . . . . The exclusive remedy for a claimant challenging the administrative forfeiture is to file a motion to set aside the declaration of forfeiture under 18 U.S.C. § 983(e)(1) [based on adequacy of notice]").

"The Due Process Clause of the Fifth Amendment prohibits the United States . . . from depriving any person of property without 'due process of law.'" *Dusenbery v. United States*, 534

U.S. 161, 167 (2002). "[I]ndividuals whose property interests are at stake are entitled to notice and an opportunity to be heard." *Id*. Due process requires only that the notice afforded to interested persons be "'reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections.'" *Id*. at 168 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "If the notice fails to comport with the requirements of due process, the underlying forfeiture action is void." *Garcia*, 235 F.3d at 290.

### III. DISCUSSION

#### A. Jurisdiction for Merits Review

**1. Timeliness**

As an initial matter, the Court must determine whether Plaintiffs filed their claims within the time period set forth in the Notices such that this Court has jurisdiction to review Plaintiffs' challenges to the merits of the administrative forfeitures. The Notices were dated July 19, 2021 and explained that Plaintiffs had, from the date of the Notices, 30 days to request administrative processing or 35 days to request judicial action. (Civ. No. 22-35, Dkt. No. 48-1 at 8-11; Civ. No. 22-36, Dkt. No. 56-1 at 2-5). Thus, Plaintiffs had until August 18, 2021 and August 23, 2021 respectively to file the respective requests.[4] Plaintiffs' Election of Proceedings – CAFRA Forms and Seized Asset Claim Forms were not delivered to the CBP office until September 7, 2021, and were therefore filed after the deadlines set forth in the Notices. (Civ. No. 22-35, Dkt. No. 44-1 at 10; Civ. No. 22-36, Dkt. No. 53-1 at 10). This Court is therefore divested of jurisdiction to review the merits of the Government's forfeiture of Plaintiffs' property.

---

[4] The Government mistakenly calculates that the respective deadlines were August 19, 2021 and August 24, 2021. (Civ. No. 22-35, Dkt. No. 48 at 10-11; Civ. No. 22-36, Dkt. No. 56 at 10-11).

6

Plaintiffs argue that they were "not in possession of more than $10,000.00, and therefore [they were] not in violation of 31 U.S.C. § 5316." (Civ. No. 22-35, Dkt. No. 44 at 2; Civ. No. 22-36, Dkt. No. 53 at 2). Plaintiffs also argue that "[t]he Government cannot add Plaintiff Ferreras' money to Plaintiff Guzman's money in order to meet the statutory requirement [that possession be] in excess of $10,000.00." (Civ. No. 22-35, Dkt. No. 51 at 3; Civ. No. 22-36, Dkt. No. 59 at 3). Plaintiffs claim that they "were denied due process by being made to defend against incorrect allegations." *Id*.

Notwithstanding that Plaintiffs couch these as alleged due process violations, in reality, these are substantive challenges to the merits of the Government's forfeiture of Plaintiffs' property. Because Plaintiffs' claim forms were not timely filed, the Court lacks jurisdiction to review Plaintiffs' challenges in this regard. *See Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1206 (N.D. Cal. 2009) (plaintiff's claim that its property had been wrongfully seized was a substantive argument that was barred from judicial review under 18 U.S.C.S. § 983(e) of CAFRA because the period to challenge the forfeiture had already lapsed).

**2. Mailbox Rule**

Plaintiffs also raise challenges to the denial of their claims as untimely based on their concept of fundamental fairness. In their first such argument, Plaintiffs contend that their claims should be treated as timely because the claim forms were mailed before the deadline to file. (Civ. No. 22-35, Dkt. No. 51 at 4-5; Civ. No. 22-36, Dkt. No. 59 at 4-5). This raises the issue of the applicability of the "mailbox rule."

Under the "mailbox rule," a letter properly deposited in a postal mailbox or with the postman is presumed to have been delivered to the addressee as of the mailing. *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 319 (3d Cir. 2014) (citing *Rosenthal v. Walker*, 111 U.S.

7

185, 193 (1884)). Accordingly, Plaintiffs state that by placing their claim forms in the mail on August 20, 2021—ahead of the August 23 2021 deadline to request judicial action—their claims were timely filed. (Civ. No. 22-35, Dkt. Nos. 44 at 3, 51 at 4; Civ. No. 22-36, Dkt. Nos. 53 at 3, 59 at 4). They argue that it "cannot be fair" that the period to file a claim begins on the date of the letter and runs until Plaintiffs' claims are delivered to the Government, rather than when those claims are placed in the mail.[5] (Civ. No. 22-35, Dkt. No. 51 at 4; Civ. No. 22-36, Dkt. No. 59 at 4). This argument does not alter the Court's conclusion that Plaintiffs' claims were untimely filed.

There is no fairness, due process, or other impropriety in requiring that a claim contesting administrative forfeiture be delivered to the seizing federal agency by the deadline set forth in the notice letter. *United States v. $ 65,930.00 in United States Currency*, No. 3:03CV01625, 2006 U.S. Dist. LEXIS 17560, at *7-8 (D. Conn. Mar. 28, 2006) (holding that a claim contesting civil forfeiture pursuant to 18 U.S.C. § 983 that was placed in the mail before the deadline but delivered after the deadline was untimely, and noting that "if Congress intended that a claim should be deemed filed when mailed—in other words, if it intended such filings to be governed by the exception known as the 'mailbox rule'—it easily could have said so, as it has in the context of the filing of tax returns."); *see also Evans v. United States*, No. CV-14-00525, 2014 U.S. Dist. LEXIS

---

[5] In the Amended Complaints, Plaintiffs allege that the application of the mailbox rule for the Government and not for claimants is a violation of "Plaintiff's right to equal protection under the law." (Civ. No. 22-35, Dkt. No. 44 at 4; Civ. No. 22-36, Dkt. No. 53 at 3). Plaintiffs do not label any argument as an equal protection argument in their opposition to the Government's Motion to Dismiss. Nor do Plaintiffs make any argument that equal protection—like due process—claims are preserved, or provide any explanation as to how this "fairness" issue—which in the current context would involve treating the Government differently from individuals—invokes the Fourteenth Amendment's guarantee of equal protection of persons under the law. The Court therefore considers any equal protection argument waived. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (noting that "arguments raised in passing . . . but not squarely argued, are considered waived"); *New Jersey Dep't of Env't Prot. v. Am. Thermoplastics Corp.*, 974 F.3d 486, 493 n.2 (3d Cir. 2020) ("As this argument was vaguely presented without factual or legal support, it is forfeited for lack of development.").

174574, at *7-8 (C.D. Cal. May 13, 2014) (rejecting plaintiff's argument that his claim contesting forfeiture should be accepted as timely based on fairness and due process considerations where it was delivered to the government agency on the day of the deadline but after the office's 5pm closing time.).

Indeed, courts have long applied this standard requiring that a claim be delivered to the government agency before its deadline. *See, e.g., Bentley v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 414 Fed. Appx. 28, 32 (9th Cir.2011) (holding that a "claim is 'filed' when it is received by the seizing agency, not when it is mailed"); *United States v. $7,696.00 in U.S. Currency*, No. 12-CV-116-LRR, 2013 U.S. Dist. LEXIS 61187 (N.D. Iowa 2013) (finding that the claim was not filed within the meaning of 18 U.S.C. § 983(a)(3)(A) until the appropriate agency received it); *United States v. $36,110.00 in U.S. Currency*, No. 4:08-029, 2009 WL 692830, at *3 (D.S.C. 2009) (holding claim filed on receipt, not on mailing); *In re Seizure of 2007 GMA Sierra SLE Truck, VIN: 2GTEK13C1715*, 32 F. Supp. 3d 710, 717 n.10 (D.S.C. 2014) (stating that the mailbox rule does not apply to non-prisoners in asset forfeiture proceedings under 18 U.S.C. § 983).

Plaintiffs have provided no legal authority to support a finding that their claims should be considered timely based on their concept of fairness. To the contrary, Plaintiffs' argument that it is unfair to require that their claims be delivered to the CBP office by the deadline has been repeatedly rejected by courts and the argument is likewise rejected by this Court.

### 3. Equitable Tolling

Plaintiffs' second fundamental fairness argument is that the deadline for Plaintiffs to file their claims should be equitably tolled because their mail took a "circuitous" route to reach the CBP office. (Civ. No. 22-35, Dkt. No. 44 at 3; Civ. No. 22-36, Dkt. No. 53 at 3). Plaintiffs maintain

that they "have presented to this Court an exceptional set of circumstances, which would justify equitable tolling of the statute of limitations." (Civ. No. 22-35, Dkt. No. 51 at 5; Civ. No. 22-36, Dkt. No. 59 at 5). The Court understands this "exceptional set of circumstances" to refer to the fact that Plaintiffs mailed their forms on August 20, 2021—ahead of the August 23, 2021 deadline—but the forms took a circuitous route in arriving at the CBP office in Puerto Rico on September 7, 2021, and Plaintiffs should not be penalized for this delay in delivery.[6] (Civ. No. 22-35, Dkt. Nos. 44 at 3, 51 at 4, 51-1; Civ. No. 22-36, Dkt. Nos. 53 at 3, 59 at 4, 59-1). The Court finds that, even assuming that equitable tolling applies in the forfeiture context, such tolling of the deadline for Plaintiffs to file their claims is unwarranted.

The Third Circuit has not determined whether the deadline for a claimant to file a challenge to a seizure in a forfeiture proceeding pursuant to 18 U.S.C. § 983(a)(2) may be equitably tolled. However, the Seventh and Ninth Circuits have considered whether the deadline to file a claim may be equitably tolled, albeit without finding that tolling was warranted based on the facts presented in the cases. *See Troconis-Escovar v. United States*, 59 F.4th 273, 278-79 (7th Cir. 2023); *see also Okafor v. United States*, 846 F.3d 337, 339-40 (9th Cir. 2017). At least one court has found equitable tolling to be proper in a circumstance where a party filed challenges to forfeiture after the deadline. *See In re Return of Seized $11,915 in United States Currency*, No. 12cv398, 2012 U.S. Dist. LEXIS 99154, at *6-8 (S.D. Cal. July 17, 2012) (equitably tolling the deadline by four days to file claims in civil forfeiture proceeding because (1) claimant's spouse signed the notice

---

[6] Plaintiffs attach a USPS Tracking form to their Opposition to the Motion to Dismiss, which documents that Plaintiffs mailed their forms from St. Croix on August 20, 2021. (Civ. No. 22-35, Dkt. No. 51-1; Civ. No. 22-36, Dkt. No. 59-1). Those forms arrived in San Juan on August 20, 2021 and then arrived in Memphis, Tennessee on August 24, 2021. *Id*. On September 4, 2021, the forms arrived in New York before reaching their final destination in Guaynabo, Puerto Rico on September 7, 2021. *Id*.

of receipt but then failed to tell claimant about the notice, which amounted to an extraordinary circumstance; and (2) upon learning of the notice of forfeiture, claimant immediately sought legal counsel to file a claim, which qualified as diligent pursuit of the claim.).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, failure to meet the deadline—because the party mailed the claim shortly before the deadline—has been found to weigh against the application of equitable tolling. *See Okafor*, 846 F.3d at 340 (holding that mailing of a claim contesting forfeiture by overnight mail the day before the deadline did not support a finding that plaintiff diligently pursued his rights and USPS' delivery of the claim the day after the deadline—a day later than expected for overnight mail—did not constitute an extraordinary circumstance); *see also Sandvik v. United States*, 177 F.3d 1269, 1271–72 (11th Cir.1999) (finding no extraordinary circumstance to warrant equitable tolling where filing was late despite petitioner mailing motion by regular mail five days before the statute of limitations deadline and stating "[w]hile the inefficiencies of the [USPS] may be a circumstance beyond [the plaintiff's] control, the problem was one that [the plaintiff's] counsel could have avoided by mailing the motion earlier or by using a private delivery service or even a private courier."); *Pantoja v. Colvin*, No. 8:15-cv-1414-T-23, 2015 WL 9703801, at *3 (M.D. Fla. Dec. 3, 2015) (finding that USPS's late delivery of a complaint package, mailed the day before a deadline, was "not an extraordinary circumstance warranting equitable tolling."); *Ward v. Astrue*, No. 5:09-cv-380, 2010 WL 4386544, at *5 (N.D. Fla. Oct. 29, 2010) (stating that when an attorney waits until the "last-minute" before the deadline to mail a claim and the common carrier fails to deliver the claim on

11

time, the late delivery is caused by "lack of due diligence," not "the result of extraordinary circumstances.").

Even assuming that the filing deadline under Section 983(a)(2) may be equitably tolled, the Court nonetheless finds that Plaintiffs do not meet the standard for equitable relief here. It is true that Plaintiffs' claims took a circuitous route in their delivery to the CBP office in Puerto Rico. However, even assuming that the circuitous route could constitute an extraordinary circumstance, the mailing of Plaintiffs' claims to the CBP office just three days before the deadline does not constitute a diligent pursuit of their rights. *See Okafor*, 846 F.3d at 340 ("We have noted that an attorney's filing by mail shortly before a deadline expires constitutes routine negligence."). Plaintiffs received the Notices on July 27, 2021—twenty-seven days before the August 23, 2021 deadline. Yet, Plaintiffs did not mail their claims until Friday, August 20, 2021—allowing just three days (including the weekend) for the claims to be delivered to the CBP office.[7] Under these circumstances, the Court concludes that Plaintiffs have not shown that they diligently pursued their claims.

Plaintiffs cite—without any analysis—to *Greenwood v. N.Y., Office of Mental Health*, 842 F.2d 636 (2d Cir. 1988) as support for their request for equitable relief. (Civ. No. 22-35, Dkt. No. 51 at 5; Civ. No. 22-36, Dkt. No. 59 at 5). In *Greenwood*, the claimant placed his complaint in the night depository box of the clerk of the federal district court the night before the statute of limitations expired. *Id*. at 637. The district court dismissed the complaint as untimely because the complaint was considered filed on the following day when the clerk's office opened, and was therefore barred by the statute of limitations. *Id*. at 638. The Second Circuit reversed, holding that

---

[7] Plaintiffs do not identify which USPS shipping service they purchased, but the Government notes that Priority Mail has an estimated delivery time of 1-3 *business* days. (Civ. No. 22-35, Dkt. No. 52 at 6-7; Civ. No. 22-36, Dkt. No. 60 at 6-7).

12

all papers placed in the night depository box were considered filed with the clerk because they were in the actual custody of the court. *Id.* at 639.

*Greenwood* is inapt here because: (1) it does not involve equitable tolling but rather discusses, in dicta, whether strict application of a local rule governing filings in the night depository box would be equitable; and (2) the *Greenwood* court reached its conclusion based on a technical interpretation of whether a document filed in the night depository box was considered to be in the possession of the clerk's office. No such technical question exists here, where Plaintiffs' claims were not in the possession of the CBP office until over two weeks after the deadline had passed.

Accordingly, the Court finds that equitable tolling is unwarranted here, where Plaintiffs have not demonstrated diligent efforts to pursue their claims.

## B. Due Process Challenges

Although the Court lacks jurisdiction to review the merits of the Government's forfeiture of Plaintiffs' property, it may still consider Plaintiffs' due process challenges. In this regard, Plaintiffs raise the following procedural due process challenges regarding the Notices: (1) the Notices were defective because they misstated the amount of money that Plaintiffs carried and did not specify how Plaintiffs structured the money; and (2) the Notices were insufficient because they were in English.

### 1. Defective Information in the Notices

Plaintiffs argue that the Notices "recited a violation of 31 U.S.C. § 5324, yet [they] give[] no indication of how the Plaintiff structured or attempted to structure the money." (Civ. No. 22-35, Dkt. No. 44 at 2; Civ. No. 22-36, Dkt. No. 53 at 2). Plaintiff Ferreras also claims that her Notice was defective because it stated that she was in possession of $10,533 although she claims to have

only possessed $8,533, and both Plaintiffs argue that "[insofar] as the notices claimed that each of the Plaintiffs was in possession of in excess of $10,000.00 the notices were defective." (Civ. No. 22-35, Dkt. No. 51 at 2-3; Civ. No. 22-36, Dkt. No. 59 at 2-3). These claims are unavailing because they fail to constitute viable due process challenges.

"[D]ue process, in the forfeiture context, minimally requires that the government provide an individual with notice and an opportunity to be heard before confiscating his property." *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 35 (1st Cir. 2001) (internal quotation marks omitted). "The touchstone is reasonableness: the government must afford notice sensibly calculated to inform the interested party of the contemplated forfeiture and to offer him a fair chance to present his claim of entitlement." *Id*. at 36 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)); *Brown v. District of Columbia*, 115 F. Supp. 3d 56, 69-70 (D.D.C. 2015) ("The notice apprises potential claimants that their property has been seized and is subject to forfeiture, and points them to the statutes and regulations outlining the procedures for challenging the forfeiture. No further notice is required to satisfy due process.").

Here, Plaintiffs signed confirmations of receipt of the Notices and do not dispute that they received actual notice of the forfeiture proceedings. (Civ. No. 22-35, Dkt. No. 48-2 at 2-3; Civ. No. 22-36, Dkt. No. 56-2 at 2-3). Rather, Plaintiffs argue that the Notices themselves were deficient. (Civ. No. 22-35, Dkt. No. 51 at 2-3; Civ. No. 22-36, Dkt. No. 59 at 2-3). However, Plaintiffs do not explain how—even if the Notices misstated the quantity of currency that Plaintiffs possessed—such misstatements resulted in the Notices' failure to notify Plaintiffs that their property had been seized and apprise them of their opportunity to file a claim of entitlement.

The Notices here stated: (1) that CBP seized property from Plaintiffs in Puerto Rico on June 7, 2021; (2) the amount of cash that CBP seized; (3) that the seizures were for Plaintiffs' violation of 31 U.S.C. §§ 5316 and 5324; (4) Plaintiffs' options for filing claims to contest forfeiture of the seized property; and (5) the purpose of the enclosed Election of Proceedings and Seized Asset Claim forms. (Civ. No. 22-35, Dkt. No. 48-1 at 8-11; Civ. No. 22-36, Dkt. No. 56-1 at 2-5). The Court finds that these details in the Notices were sufficient to "inform the [Plaintiffs] of the contemplated forfeiture and to offer [them] a fair chance to present [their] claim of entitlement." *Gonzalez-Gonzalez*, 257 F.3d at 36. The alleged misstatements regarding the quantity of money that Plaintiffs possessed or the absence of a description for how Plaintiffs structured the money do not constitute due process violations. *See e.g. Caraballo v. U.S. DEA*, 62 Fed. Appx. 362, 363 (1st Cir. 2003) (finding no due process violation where notice of civil asset forfeiture listed the amount seized as $79,280 instead of $ 80,180, because this "minor discrepancy" was "not significant" where the notice otherwise apprised plaintiff of the pendency of the action and afforded him an opportunity to present his objections). Indeed, the purpose of notifying Plaintiffs of the forfeiture proceedings is so they could raise precisely the type of merits issues that they now attempt to raise. Accordingly, Plaintiffs' challenges in this regard do not render the Notice constitutionally defective.

### 2. Providing Notice in English

Plaintiffs allege in the Amended Complaints that "Defendant sent the Plaintiff a written notice, in English, although Defendant knew or should have known that English was not the Plaintiff's first language." (Civ. No. 22-35, Dkt. No. 44 at 2; Civ. No. 22-36, Dkt. No. 53 at 2). Although Plaintiffs do not explicitly state that they were unable to understand the Notices, the

Court construes this allegation to claim that the Notices did not sufficiently notify Plaintiffs of the forfeiture proceedings because they were in English.[8]

However, "due process allows notice of a hearing (and its attendant procedures and consequences) to be given solely in English to a non-English speaker if the notice would put a reasonable recipient on notice that further inquiry is required." *Rodriguez-Martinez v. AG of the United States*, 429 F. App'x 140, 145 (3d Cir. 2011) (quoting *Nazarova v. Immigration & Naturalization Serv.*, 171 F.3d 478, 483 (7th Cir. 1999)); *see also Toure v. U.S.*, 24 F.3d 444, 445-46 (2d Cir. 1994) (rejecting the argument that "the [civil] administrative forfeiture was procedurally deficient because the Government provided notice of seizure [of plaintiff's money] in English, which [plaintiff], whose native language is French, allegedly was unable to understand completely"); *Hernandez v. DEA*, No. CV 08-0160, 2008 U.S. Dist. LEXIS 144205 (D.N.M. Nov. 12, 2008) (government's notice of civil administrative forfeiture proceedings involving plaintiff's money, sent to his address in Mexico, did not violate due process for being in English rather than Spanish). Plaintiffs cite no legal authority to the contrary. Indeed, there is no doubt that the Notice with enclosed forms would "put a reasonable recipient on notice that further inquiry [or action] is required." *Rodriguez-Martinez*, 429 F. App'x at 145.

Accordingly, Plaintiffs' contention that the notices were deficient because they were in English does not constitute a viable due process challenge to the forfeiture proceedings.

---

[8] Of course, the fact that Plaintiffs responded to the Notices—albeit belatedly—suggests the contrary.

### C. Leave to Amend

Although Plaintiffs have not requested leave to amend, the Court finds it appropriate to address it here. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."). Given the Court's limited jurisdiction to consider only Plaintiffs' due process challenges and because Plaintiffs have failed to plead facts that would support the conclusion that Plaintiffs did not receive sufficient notice of their forfeiture proceedings, the Court finds that the circumstances of this case are such that any attempt by Plaintiffs to raise a procedural due process claim in an amended complaint would be futile as it would be unable to survive a motion to dismiss. *Manning v. Haggerty*, No. 3:11cv302, 2011 U.S. Dist. LEXIS 110709, at *14 (M.D. Pa. Sep. 28, 2011) ("An amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."); *see also Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). Accordingly, the Court will dismiss Plaintiffs' Amended Complaints with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs' claims were untimely and the Court therefore lacks subject matter jurisdiction to review Plaintiffs' substantive challenges to the forfeitures. Plaintiffs' requests that the Court consider their claims based on fundamental fairness do not cure the timeliness problem. The Court further finds that the Governments' Notices were sufficient to satisfy due process requirements. Accordingly, the Court will grant the

17

Government's Motion to Dismiss. Because the Court finds that amendment would be futile, the Court will dismiss the action with prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date: May 25, 2023                    _____/s/_____
                                      WILMA A. LEWIS
                                      District Judge